UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENTDRICK D RATLIFF** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-2757** |
| **LOUISIANA STATE, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is defendant Hammond City's ("Hammond") motion[1] to dismiss *pro se* plaintiff Kentdrick D. Ratliff's ("plaintiff") complaint[2] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response.[3] For the reasons that follow, the Court grants Hammond's motion and dismisses plaintiff's complaint.

## I.   BACKGROUND

This case arises out of an alleged incident in which plaintiff was stopped by Hammond police. In his complaint, plaintiff recounts that he was walking when he was stopped by police as part of a traffic stop and then taken to booking.[4] Plaintiff states that he was kicked, punched, tased, stomped in the face, and put in a choke

---

[1] R. Doc. No. 28.
[2] R. Doc. No. 1 (complaint); R. Doc. No. 26 (supplemental amended complaint). The Court notes that the U.S. District Court for the Middle District of Louisiana previously granted plaintiff's motion to supplement his complaint. *See* R. Doc. No. 5. All substantive information included in that supplemental complaint is also included in the more recent supplemental amended complaint filed with this Court. *See* R. Doc. No. 4; *cf.* R. Doc. No. 26. Accordingly, the Court treats the later-filed supplemental amended complaint as the relevant supplemental complaint for purposes of this motion.
[3] R. Doc. No. 29.
[4] R. Doc. No. 1, at 7.

hold before he was falsely charged.[5] Plaintiff does not include the date on which this alleged incident occurred in his complaint. However, he alleges that police covered this incident up until 2022 when video footage was released.[6]

Plaintiff thereafter filed this lawsuit on June 3, 2024, requesting $20,500,000.00 in damages.[7] In his supplemental and amended complaint, plaintiff adds an additional purported 23 claims, including excessive force, kidnapping, and false arrest.[8] He states that he brings all claims pursuant to federal and Louisiana law.[9] However, the supplemental complaint provides no additional facts.

In its motion to dismiss, Hammond makes several arguments, including arguing that that all of plaintiff's claims have prescribed.[10] In his response, plaintiff states that he plausibly states a claim pursuant to 42 U.S.C. § 1983 and that any limitations period was tolled by the fraudulent concealment of the video footage described in his complaint until 2022.[11] Plaintiff states that this concealment

---

[5] *Id.*
[6] *Id.*
[7] *Id.* at 4.
[8] R. Doc. No. 26, at 2. In plaintiff's original complaint, plaintiff purports to bring claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. *See* R. Doc. No. 1, at 3–4. Plaintiff, however, states no facts in support of these claims, and these claims were not included in the 23 purported claims that plaintiff alleges in his supplemental amended complaint. *See generally* R. Doc. No. 1; *see also* R. Doc. No. 26, at 2. The Court therefore declines to address these claims.
[9] R. Doc. No. 26, at 3–4.
[10] *See* R. Doc. No. 28-1, at 5.
[11] R. Doc. No. 29, at 2–3.

"delayed his ability to identify the full scope of the constitutional violations and responsible parties."[12]

## II.    STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must meet the requirement in Rule 8(a)(2), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While this short and plain statement does not require "detailed factual allegations," it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotations and citations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the [plaintiff's] claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US*

---

[12] *Id.* at 3.

*Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation and internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to [the] plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in [the] plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III.  ANALYSIS

#### a.  Prescription

In Louisiana, personal injury claims are subject to a one-year prescription period. *See* La. Civ. Code Ann. art 3492 ("Delictual actions are subject to a liberative prescription of one year."). Plaintiff's § 1983 claims are subject to this same one-year period because "[t]he limitations period for § 1983 claims is determined by state personal injury law." *See Walker v. Epps*, 550 F.3d 407, 411 (5th Cir. 2008). "State

law also controls the applicable tolling provisions for a § 1983 cause of action." *McKnight v. Canulette*, 190 F.3d 538, 538 (5th Cir. 1999) (per curiam).

Louisiana's doctrine of *contra non valentem* tolls the statute of limitations and is thus "an exception to the general rules of prescription." *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994). This doctrine suspends the prescriptive period under certain circumstances, including situations in which the cause of action is not known or reasonably knowable by the plaintiff. *Renfroe v. State ex rel. Dept. of Transp. & Dev.*, 809 So. 2d 947, 953 (La. 2002). This exception, sometimes known as the "discovery rule," is available only in "exceptional circumstances." *Meggs v. Davis Mortuary Serv., Inc.*, 301 So. 3d 1208, 1213 (La. Ct. App. 2020) (quoting *Renfroe*, 809 So. 2d at 953). The prescriptive period begins to run "when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Campo v. Correa*, 828 So. 2d 502, 510 (La. 2002). "Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry." *Id.* at 510–11.

With respect to plaintiff's claims, plaintiff states that the video footage making him aware of his claims was disclosed in 2022.[13] Thus, regardless of whether concealment of this alleged video footage tolled the one-year prescriptive period, the prescriptive period began to run at some point in 2022 or earlier. Plaintiff's § 1983

---

[13] R. Doc. No. 1, at 7 (complaint); R. Doc. No. 29, at 2–3 (response to motion to dismiss).

claims and Louisiana tort claims therefore prescribed long before plaintiff filed his complaint in June 2024, and they must be dismissed.

### b. Leave To Amend

In his response to Hammond's motion to dismiss, plaintiff requests that he be granted leave to amend if the Court identifies any deficiencies in his complaint.[14] Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." "A formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). However, "[a] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Id.* (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).

Although Rule 15 "evinces a bias in favor of granting leave to amend," it is not automatic. *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *United States ex rel. Lin v. Mayfield*, 773 F. App'x 789, 790 (5th Cir. 2019). A decision to grant leave to amend is within the discretion of the trial court. *Mayfield*, 773 F. App'x at 790. And a trial court may deny a request, even when it is made within the deadline set by a court for seeking leave to amend. *See Mason v. Fremont Inv. & Loan*, 671 Fed. Appx. 880, 883 (5th Cir. 2016)

---

[14] R. Doc. No. 29, at 3.

(differentiating the liberal Rule 15 standard for leave to amend, when a request is made before the court's deadline for requesting leave to amend, from the more stringent Rule 16 standard, requiring a showing of good cause if a request is made after the court's deadline).

Pursuant to Rule 15, a "district court must possess a 'substantial reason' to deny a request for leave to amend." *Id.* (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). These reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962) "[A]n amended complaint is futile 'if the complaint as amended would be subject to dismissal.'" *Rohi v. Brewer* (*In re ABC Dentistry, P.A.*), 978 F.3d 323, 325 (5th Cir. 2020) (quoting *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)). Futility is evaluated "under the same standards as a dismissal under Rule 12(b)(6)." *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 437 (5th Cir. 2021) (citing *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016)).

Plaintiff provides this Court with only a bare request to amend his compliant if the Court finds that any aspect of the complaint is insufficiently pled.[15] He does not apprise the Court of the way in which he would amend his complaint. Courts have frequently denied leave to amend on similarly bare requests. *See, e.g.*, *Kovalchuk v. Wilmington Sav. Fund Socy.*, No. 21-40281, 2021 WL 5119705, at *2 (5th Cir. Nov. 3,

---

[15] *See* R. Doc. No. 29, at 3.

7

2021) (affirming the district court's denial of a request for leave to amend for being insufficiently particular when it asked to amend "any other cause of action which the Court determines should be dismissed"); *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325 (5th Cir. 2003) (affirming the district court decision to deny leave to amend for being insufficiently particular when the plaintiff asked to "file amended pleadings adding additional plaintiffs and facts as allowed by law").

Additionally, the Court concludes that it would be futile to allow plaintiff to amend his complaint. Because plaintiff's claims are prescribed, they would be subject to dismissal even if more particularly pled. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (affirming that a proposed amendment stating a time-barred claim is futile unless it relates back to the date of the original filing pursuant to Federal Rule of Civil Procedure 15(c)). The Court will therefore deny plaintiff's request for leave to amend.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Hammond's motion to dismiss is **GRANTED.** Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 9, 2025.

                                                **LANCE M. AFRICK**
                                      **UNITED STATES DISTRICT JUDGE**