## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KENTDRICK D RATLIFF**                                    **CIVIL ACTION**

**VERSUS**                                                      **No. 24-2757**

**LOUISIANA STATE, ET AL.**                                **SECTION I**

### ORDER AND REASONS

Before the Court is defendant Louisiana State's ("Louisiana") motion[1] to dismiss *pro se* plaintiff Kentdrick D. Ratliff's ("plaintiff") complaint[2] for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response.[3] For the reasons that follow, the Court grants Louisiana's motion and dismisses plaintiff's complaint as to Louisiana.

### I.    BACKGROUND

This case arises out of an alleged incident in which plaintiff was stopped by Hammond police. In his complaint, plaintiff recounts that he was stopped by police as part of a traffic stop and then taken to booking.[4] Plaintiff states that he was kicked, punched, tased, stomped in the face, and put in a choke hold and then falsely

---

[1] R. Doc. No. 37.
[2] R. Doc. No. 1 (complaint); R. Doc. No. 26 (supplemental amended complaint).
[3] R. Doc. No. 38.
[4] R. Doc. No. 1, at 7.

charged.[5]  Plaintiff alleges that police covered this incident up until 2022 when video footage was released.[6]

Plaintiff thereafter filed this lawsuit on June 3, 2024, requesting $20,500,000.00 in damages.[7] In his supplemental and amended complaint, plaintiff adds 23 additional purported claims, including excessive force, kidnapping, and false arrest.[8] He states that he brings all claims pursuant to federal and Louisiana law.[9] However, the supplemental complaint provides no additional facts.

Louisiana filed its motion[10] to dismiss on June 4, 2025, arguing that it is entitled to sovereign immunity from suit in this Court pursuant to the Eleventh Amendment.[11] It also argues that dismissal is appropriate because plaintiff's complaint fails to "state any plausible claim for relief as it relates to the State."[12] In his response, plaintiff argues that an exception to immunity applies and that his complaint successfully states a claim for relief.[13]

## II.    STANDARD OF LAW

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer*

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at 4.

[8] R. Doc. No. 26, at 2.

[9] *Id.* at 3–4.

[10] R. Doc. No. 37.

[11] *Id.* at 1, 3–5.

[12] *Id.* at 6.

[13] R. Doc. No. 38, at 1, 3.

*Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Under Federal Rule of Civil Procedure 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)).

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. When a court determines that it does not have subject matter over an action, the action is dismissed without prejudice. *See, e.g.*, *id.*; *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III.    ANALYSIS

### a.    Eleventh Amendment Immunity

"The Eleventh Amendment bars federal suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 274 (5th Cir. 2020) (internal quotations and citations omitted);

*see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). The third exception is the so-called *Ex parte Young* exception, "which requires that there be a request for prospective relief against state officials who are committing an ongoing federal violation." *Corn*, 954 F.3d at 274. "[E]leventh amendment immunity is a jurisdictional issue that cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action." *Pittman v. Devereaux*, No. 21-1786, 2021 WL 6125054, at *1 (E.D. La. Dec. 28, 2021) (Africk, J.) (quoting *Jefferson v. La. Sup. Ct.*, 46 F. App'x 732, 732 (5th Cir. 2002)).

Plaintiff seeks only money damages against Louisiana.[14] "Section 1983 does not abrogate Eleventh Amendment immunity," *Champagne v. Jefferson Par. Sheriff's Off.*, 188 F.3d 312, 314 (5th Cir. 1999), and Congress has expressed no intent to abrogate the state's immunity for breach of contract claims, *see Yul Chu v. Mississippi State Univ.,* 901 F. Supp. 2d 761, 773 (N.D. Miss. 2012), *aff'd*, 592 F. App'x 260 (5th Cir. 2014). Nor has Louisiana waived its Eleventh Amendment immunity.[15] *See* LA. REV. STAT. § 13:5106(A). Louisiana is therefore entitled to Eleventh Amendment immunity and this Court must dismiss plaintiff's case.

Plaintiff's case would not survive dismissal even if he were seeking injunctive or declaratory relief. To bring suit under the *Ex parte Young* exception, the "suit

---

[14] *See* R. Doc. Nos. 1, 26.

[15] *See* R. Doc. No. 37-1, at 4.

must: (1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law." *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). The Court need look no further than the caption of this case to see this exception does not apply; plaintiff sues the state of Louisiana and not any individual state official. Even were the Court to liberally read a request for prospective relief within plaintiff's complaint, it would not survive dismissal.

### b.     Failure to State a Claim

Because the Court lacks jurisdiction over the State of Louisiana, the Court will not reach the question of whether plaintiff has stated a claim against Louisiana sufficient to survive dismissal under Rule 12(b)(6). *See Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 (5th Cir. 2013) (holding a district court may not "disclaim jurisdiction and then exercise it.").[16]

## IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Louisiana's motion to dismiss is **GRANTED.** Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as to Louisiana.

New Orleans, Louisiana, June 16, 2025.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[16] Louisiana does not argue prescription in its brief, *see generally* R. Doc. No. 37-1, and the Court need not address the defense given the disposition of this motion.