UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENTDRICK D RATLIFF**                                        **CIVIL ACTION**

**VERSUS**                                                            **No. 24-2757**

**LOUISIANA STATE, ET AL.**                                **SECTION I**

## ORDER AND REASONS

Before the Court is *pro se* plaintiff Kentdrick D. Ratliff's ("plaintiff") motion for reconsideration.[1] Plaintiff asks the Court to consider or amend its judgment granting defendant Hammond City's ("Hammond") motion[2] to dismiss. For the reasons that follow, the Court denies plaintiff's motion for reconsideration.

### I.     BACKGROUND

This case arises out of an alleged incident in which plaintiff was stopped and detained by Hammond police and, subsequently, was kicked, punched, tased, stomped in the face, and put in a choke hold while in the booking room.[3] Plaintiff was then allegedly falsely charged because of the incident.[4] Plaintiff also alleged that Hammond police concealed video evidence corroborating the incident until 2022.[5]

On May 13, 2025, Hammond filed a motion to dismiss[6] plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The

---

[1] R. Doc. No. 41.
[2] R. Doc. No. 28.
[3] *Id.*; *see also* R. Doc. No. 41, at 1-3.
[4] R. Doc. No. 41, at 2.
[5] *Id.* at 3-4.
[6] R. Doc. No. 28.

Court granted the motion, having found plaintiff's claims were prescribed, and it issued a corresponding order and reasons.[7] The Court therein also denied plaintiff's request for leave to file an amended complaint, finding that it would be futile to allow amendment.[8] A judgment was issued dismissing plaintiff's complaint with prejudice.[9]

On June 11, 2025, plaintiff filed his motion for reconsideration. He argues that reconsideration of this Court's dismissal is proper, because "new evidence surfaced in 2022 concerning the reconstruction of video footage that supports the misconduct allegations against the City of Hammond police officers." He also raises a new cause of action for violation of the False Claims Act ("FCA"), § 31 U.S.C. § 3729 *et seq.*

## II.   STANDARD OF LAW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently held that parties may challenge a judgement or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *Reyes v. Julia Place Condo. Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 4272943, at *2 (E.D. La. Aug. 15, 2016) (Barbier, J.) (collecting cases). "Rules 59 and 60, however, apply only to final judgments." *Id.* (citing *S. Snow Mfg. Co., Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563-64 (E.D. La. 2013) (Brown, J.)). If a party seeks reconsideration of an order that adjudicates fewer than all the claims among

---

[7] R. Doc. No. 39.
[8] *Id.*
[9] R. Doc. No. 40.

2

all the parties prior to entry of final judgment, then Rule 54(b) controls. Specifically, Rule 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54 recognizes that a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, 659 F.2d 551, 553 (5th Cir. 1981). Accordingly, under Rule 54(b) the court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

Between Rules 59(e) and 54(b), the former "sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered" while the latter can be "more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 336–37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)) (internal citations omitted). In short, reconsideration of an interlocutory order under Rule 54(b)

3

is less stringent than reconsideration of judgments under Rule 59(e).[10] *Austin*, 864 F.3d at 336. Nonetheless, while "a less exacting standard applies, courts look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Records, Inc.*, No. 19-12130, 2020 WL 3832606, at *11 & n.12 (E.D. La. July 8, 2020) (Feldman, J.); *see also Pierce v. Kellogg Brown & Root, Inc.*, No. 15-6585, 2017 WL 2082947, at *1 (E.D. La. May 15, 2017) (Vance, J.). To be sure, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration.'" *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO, Loc. 198*, 495 F. Supp. 3d 392, 396 (M.D. La. 2020) (deGravelles, J.) (internal quotations and citations omitted).

### III.  ANALYSIS

#### a.  Federal Rule of Civil Procedure 54(b) Applies

The Court's order granting Hammond's motion to dismiss and dismissing plaintiff's complaint with prejudice is an interlocutory order, because at the time

---

[10] When ruling on Rule 59(e) motions, courts in this district consider: "(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law." *United States v. Cytogel Pharma, LLC*, No. 16-13987, 2017 WL 3849317, at *2 (E.D. La. Mar. 28, 2017) (Vance, J.). Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010).

plaintiff filed his motion,[11] the Court had not yet dismissed defendant Louisiana State ("Louisiana") from this action. *See Green v. Am. Honda Fin. Corp.*, No. 23-111, 2023 WL 3453937, at *1 (E.D. La. May 15, 2023) (finding the plaintiff's motion for reconsideration constituted one addressing an interlocutory order because one defendant still remained in the action) ("After all, [the defendant-company] is also a defendant in this action, and none of [the plaintiff's] claims against it have been dismissed. [The plaintiff's] motion, then, is properly treated as a motion to reconsider an interlocutory order."); *Mayfield v. DeSoto Par. Police Jury*, No. 15-2374, 2017 WL 2295908, at *1 (W.D. La. May 25, 2017) (evaluating the motion for reconsideration under Rule 54(b) because "[a] case [that] seeks reconsideration of the grant of a motion to dismiss as to only one defendant, . . . is considered an interlocutory order and not a final judgment."). Thus, the more lenient Rule 54(b) standard applies.

### b.  Plaintiff's Motion for Reconsideration

Having reviewed plaintiff's motion, the Court finds plaintiff has not provided sufficient justification for the Court to reverse its dismissal. Plaintiff's motion merely rehashes the same facts and legal theories that were before the Court when it ruled on the motion to dismiss.[12] Mere disagreement with the Court's order is not sufficient grounds for reconsideration. *Mayfield*, 2017 WL 2295908, at *1 (denying the plaintiff's motion for reconsideration because the plaintiff reiterated the same legal

---

[11] Although the Court on this date dismissed Louisiana, *see* R. Doc. No. 44, it will evaluate plaintiff's motion under the standard applicable at the time plaintiff filed his motion.

[12] *See* R. Doc. No. 39, at 1-3, 5 (considering the 2022 video footage, but nonetheless dismissing the claims as prescribed).

and factual arguments the court had already considered and rejected) ("A motion for reconsideration should not be used to advance arguments already presented or relitigate matters that have been resolved, albeit to the moving party's dissatisfaction."). Moreover, plaintiff fails to identify any facts to refute the Court's finding that his claims are prescribed by the one-year prescription period.[13] Plaintiff admits that the "new evidence" on which he relies for his motion "surfaced in 2022."[14] Consequently, even if the Court had not yet considered the 2022 evidence, plaintiff essentially admits his claims "prescribed long before [he] filed his complaint in June 2024."[15] *Cf. Green* 2023 WL 3453937, at *2 (denying the plaintiff's motion for reconsideration where she provided "no justification whatsoever for her request that the Court reexamine its decision to dismiss her claims . . . as prescribed.").

Plaintiff's new FCA claim fares no better. Although Rule 54(b) permits consideration of arguments that could have been, but were not, raised previously, the Court may "use its discretion to prevent parties from, without justification, raising new arguments for the first time." *Domain Prot., LLC v. Sea Wasp, LLC*, No. 18-792, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) (internal alterations and quotations omitted); *Mitchell v. Cenlar Cap. Corp.*, No. 16-814, 2020 WL 13577558, at *2 (S.D. Miss. Feb. 19, 2020) ("While the Rule 54(b) standard is more permissive, it appears that district courts have discretion to reject arguments that should have been made

---

[13] *See id.*

[14] R. Doc. No. 41, at 6.

[15] *Cf.* R. Doc. No. 39, at 5-6 ("[T]he prescriptive period began to run at some point in 2022 . . . . Plaintiff's . . . claims therefore . . . must be dismissed.").

6

earlier in the case."); *see also Green*, 2023 WL 3453937, at *2 ("[T]he district court must exercise [its] broad discretion [under Rule 54(b)] sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays."). Plaintiff has provided no justification for the Court to grant reconsideration where he had ample opportunity to bring the FCA claim and did not.[16]

Further, plaintiff does not seek leave to amend his complaint to add the FCA claim.[17] And even if he had, plaintiff has alleged no facts to support his conclusory allegation that defendants "submitted [claims] to local and state authorities that were false in nature."[18] *Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019) ("Mere conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.") (internal quotations omitted); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[Courts] are not bound to accept as true a legal conclusion couched as a factual allegation."). The Court would therefore not grant a request for leave to amend, because an FCA claim would be futile. *Pogo Res., LLC v. St. Paul Fire & Marine Ins. Co.*, No. 19-2682, 2021 WL 1923301, at *9 (N.D. Tex. May 13, 2021) ("Leave to amend does not need to be granted when the amended complaint would not defeat a motion to dismiss.").

## IV. CONCLUSION

For the foregoing reasons,

---

[16] *See* R. Doc. Nos. 1, 4, 24, 26.
[17] *See generally* R. Doc. No. 41.
[18] *Id.*

7

**IT IS ORDERED** that plaintiff's motion for reconsideration is **DENIED.**

New Orleans, Louisiana, June 16, 2025.

                                                     **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**