## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KENTDRICK D RATLIFF**                                       **CIVIL ACTION**

**VERSUS**                                                         **No. 24-2757**

**LOUISIANA STATE, ET AL.**                                   **SECTION I**

### <u>ORDER AND REASONS</u>

Before the Court are *pro se* plaintiff Kentdrick D. Ratliff's ("plaintiff") motions[1] for reconsideration. Plaintiff asks the Court to reconsider or amend its judgments[2] dismissing his case. For the reasons that follow, the Court denies plaintiff's motions for reconsideration.

### I.      BACKGROUND

Since the Court has detailed the underlying facts of this action in previous orders,[3] it will assume the parties' familiarity with the facts and not repeat them here.

#### a.      Procedural History

On May 13, 2025, defendant Hammond City ("Hammond") filed a motion[4] to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court granted the motion, having found plaintiff's

---

[1] R. Doc. Nos. 47–48.

[2] R. Doc. Nos. 42, 44.

[3] *See* R. Doc. Nos. 39, 43, 45.

[4] R. Doc. No. 28.

claims were prescribed, and it issued a corresponding order[5] and reasons. The Court also denied plaintiff's request for leave to file an amended complaint, finding that it would be futile to allow amendment.[6] A judgment was issued dismissing plaintiff's complaint with prejudice against Hammond.[7]

On June 4, 2025, defendant Louisiana State ("Louisiana") also filed a motion[8] to dismiss, arguing that it is entitled to sovereign immunity from suit in this Court pursuant to the Eleventh Amendment and that dismissal is appropriate because plaintiff's complaint fails to "state any plausible claim for relief as it relates to the State."[9] The Court granted the motion on June 16, 2025 on the ground that Louisiana is entitled to sovereign immunity and it dismissed plaintiff's complaint against Louisiana.[10]

The next day, on June 17, 2025, plaintiff filed two motions for reconsideration purportedly based on Federal Rule of Civil Procedure 60.[11] Plaintiff seems to raise three grounds for reconsideration: first, plaintiff reasserts his argument that the video footage and the investigative report that he became aware of in 2022[12]

---

[5] R. Doc. No. 39.

[6] *Id.*

[7] R. Doc. No. 40; *see also* R. Doc. No. 42 (amended judgment).

[8] R. Doc. No. 37.

[9] *Id.* at 3–6.

[10] *See* R. Doc. Nos. 43–44.

[11] *See* R. Doc. Nos. 47–48. The Court notes that the two motions are essentially identical. Accordingly, the Court will address the motions together.

[12] *See infra* text accompanying notes 24–25 (discussing the inconsistent dates that plaintiff reports having received the video footage and investigative report).

constitute "new evidence" warranting reversal of the dismissals;[13] second, that the Court failed to issue a Rule 16(b) scheduling order;[14] and third, that the Court's failure to issue a scheduling order led to its further "mistake" of not requiring defendants to answer an interrogatory filed by plaintiff earlier in this case.[15]

## II.    STANDARD OF LAW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The question of which procedural rule applies depends on the timing of such a motion. *Sentry Select Ins. Co. v. Home State Cty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014) (citation omitted). A motion for reconsideration filed within twenty-eight days of the district court judgment being challenged is characterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e). *See id.* A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *See id.* Plaintiff filed both motions for reconsideration within twenty-eight days of the entry of final judgment.[16] Accordingly, a Rule 59(e) analysis is appropriate, notwithstanding plaintiff misidentifying his motions as arising under Rule 60. *See Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 (5th Cir. 2012).

A motion pursuant to Rule 59(e) "calls into question the correctness of the

---

[13] R. Doc. No. 47, at 1–2; R. Doc. No. 48, at 1–2.

[14] R. Doc. No. 47, at 1–2; R. Doc. No. 48, at 1–2.

[15] R. Doc. No. 47, at 2; R. Doc. No. 48, at 2.

[16] *See* R. Doc. Nos. 40, 42, 44, 47–48.

judgment." *Allen v. Envirogreen Landscape Professionals, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (citations omitted). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)). Thus, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (citations and internal quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Koerner v. CMR Construction & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018) (quoting *Templet*, 367 F.3d at 479).

### III.    ANALYSIS

### a.    Video Footage and Investigative Report

Neither the video footage nor the investigative report is "new" evidence in this case; the Court considered the fact that plaintiff did not receive the video footage or investigative report until after the incident occurred when it ruled on Hammond's

motion to dismiss.[17] As the Court explained in its order[18] and reasons granting Hammond's motion to dismiss, "regardless of whether concealment of this alleged video footage tolled the one-year prescriptive period, the prescriptive period began to run at some point in 2022 or earlier," and, therefore, plaintiff's claims prescribed before he filed this action.[19] And as the Court stated in its order[20] and reasons denying plaintiff's previous motion[21] for reconsideration, plaintiff's "[m]ere disagreement with the Court's order is not sufficient grounds for reconsideration."[22]

To be clear, plaintiff concedes that he became aware of the allegedly concealed video and the investigative report, at the latest, in December 2022. This means that, pursuant to Louisiana's one-year prescription period, the latest plaintiff could bring this action was December 2023. *See* LA. CIV. CODE ANN. art 3492; *see also King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) ("We have held that under federal law, a claim accrues and the limitations period begins to run the

---

[17] *See* R. Doc. No. 29-2 (Investigative Report attached to plaintiff's response to Hammond's motion to dismiss); *see also* R. Doc. No. 29, at 2, 5–6 (discussing video footage). The Court notes that the video footage and investigative report had no impact on the Court's finding that Louisiana is entitled to sovereign immunity in this case. *See* R. Doc. No. 43. Plaintiff does not explicitly argue that the Court made an error by granting immunity, *see* R. Doc. Nos. 47–48, however, for the sake of completeness, the Court confirms here that neither the video footage nor the investigative report deprives Louisiana of its entitlement to sovereign immunity in this case. As such, the Court finds no reason to reverse its dismissal of Louisiana based on this "new" evidence.

[18] R. Doc. No. 39.

[19] *See id.* at 5–6.

[20] R. Doc. No. 45.

[21] R. Doc. No. 41.

[22] R. Doc. No. 45, at 5.

moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.") (internal alterations and quotations omitted). Plaintiff did not file his action until June 3, 2024,[23] and he alleges no facts that establish good cause for his delay in bringing this suit after becoming aware of the video and investigative report in December 2022. *See, e.g.*, *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994) (discussing the possibility of an exception to prescription where the "plaintiff was prevented from enforcing [his claims] by some reason external to his own will."); *Wabnig v. Est. of Wabnig*, 2020-0520 (La. Ct. App.), 318 So. 3d 1094, 1098, *writ denied*, 2021-00712 (La. 2021), 324 So. 3d 1064 ("The doctrine [of *contra non valentem*] is based on the premise that, in some circumstances, equity and justice require that prescription be suspended because the plaintiff was effectually prevented from enforcing his rights for reasons external to his own will.").

The Court notes that plaintiff, for the first time as set forth in these motions, asserts that he received the video footage in December 2023.[24] But that unverified assertion conflicts with his complaint, his response to Hammond's motion to dismiss, his previous motion for reconsideration, and portions of the present motions for reconsideration, which all state that he discovered the video footage in December

---

[23] *See* R. Doc. No. 1 (filed June 3, 2024). Although plaintiff asserts that he filed this claim on April 18, 2024, *see* R. Doc. No. 47, at 1; R. Doc. No. 48, at 2, there is nothing before the Court to support this assertion.

[24] *See* R. Doc. No. 47, at 1–2; R. Doc. No. 48, at 1–2.

2022.[25] Plaintiff has not identified any newly discovered evidence or mistake of law made by this Court that warrants reconsideration of the dismissals.

### b.    Rule 16(b) Scheduling Order

A case is not "ripe" for a scheduling conference if the defendants have not yet filed an answer or responsive pleading, because the Court would not have knowledge of the identity of counsel representing the defendants.[26] As this case was resolved based on defendants' first responsive pleadings,[27] at no point was the case ripe for a scheduling conference. Furthermore, the fact that a scheduling conference was not held has nothing to do with the Court's disposition of this case.

Plaintiff also seems to argue that the Court's failure to implement a Rule 16(b) scheduling order "led to" the Court's "mistake" in "not having the defendant answer to [sic] the interrogatory give[n] by the plaintiffs [sic] in this case."[28] Plaintiff appears to be referring to the interrogatory that he filed on August 23, 2024.[29] At that time, defendants had not yet been served.[30] Thus, the interrogatory was premature.[31] *See Lan v. Univ. of Texas at San Antonio*, No. SA-22-CV-00769-FB, 2022 WL 3219427, at

---

[25] *See, e.g.*, R. Doc. No. 47, at 1 ("On December 8, 2022, I received the video footage and the investigation report related to the civil action."); R. Doc. No. 48, at 1–2; R. Doc. No. 1, at 7; R. Doc. No. 29, at 2; R. Doc. No. 41, at 4; *see also* R. Doc. No. 47-4 (Investigative Report, dated January 19, 2022) (mentioning the video footage).

[26] *See Joiner v. Lewis*, No. 23-7144, 2024 WL 3717450, at *1 (E.D. La. July 11, 2024) (Roby, MJ.).

[27] *See* R. Doc. Nos. 28, 37, 39, 40, 42–44.

[28] R. Doc. No. 47, at 2; R. Doc. No. 48, at 2.

[29] R. Doc. No. 9.

[30] *See* R. Doc. Nos. 22, 23.

[31] *See* R. Doc. No. 8 (noting that plaintiff's previously filed motion to compel discovery, R. Doc. No. 7, was premature because defendants had not yet been served).

*4 (W.D. Tex. Aug. 8, 2022), *report and recommendation adopted*, No. SA-22-CV-769-FB, 2023 WL 6119882 (W.D. Tex. Sept. 16, 2023) ("Because no Defendant has yet been served with this lawsuit, Plaintiff's motion for discovery is premature."). Moreover, because the parties never met and conferred pursuant to Rule 26(f), defendants were never under a duty to respond to the discovery request. *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."); *see also Price v. Plantation Mgmt. Co.*, No. 07-383, 2009 WL 10680022, at *1 (M.D. La. May 29, 2009) (holding the defendant was under no duty to respond to the premature discovery requests until the initial scheduling conference had been held). Accordingly, the Court was under no obligation to compel defendants to answer plaintiff's interrogatory as there was no motion to compel discovery before the Court.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motions for reconsideration are **DENIED.**

New Orleans, Louisiana, June 23, 2025.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**