UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENTDRICK D RATLIFF**                                    **CIVIL ACTION**

**VERSUS**                                                 **No. 24-2757**

**LOUISIANA STATE, ET AL.**                                **SECTION I**

## ORDER AND REASONS

Before the Court are *pro se* plaintiff Kentdrick D. Ratliff's ("plaintiff") motions[1] for reconsideration. Plaintiff, again, asks the Court to reconsider or amend its judgments[2] dismissing his case. For the reasons that follow, the Court denies plaintiff's motions for reconsideration.

### I. BACKGROUND

Since the Court has detailed the underlying facts of this action in previous orders,[3] it will assume the parties' familiarity with the facts and not repeat them here.

#### a. Procedural History

On June 10, 2025, the Court dismissed plaintiff's claims against defendant Hammond City because it found that plaintiff's claims were prescribed.[4] The next day, plaintiff filed a motion[5] for reconsideration. The Court denied the motion, finding

---

[1] R. Doc. Nos. 50–51, 54.

[2] R. Doc. Nos. 42, 44.

[3] *See* R. Doc. Nos. 39, 43, 45.

[4] R. Doc. No. 39–40.

[5] R. Doc. No. 41.

no new evidence, argument, or information was provided that could defeat prescription.[6] It also found that there was no justification to allow plaintiff to amend his complaint to include his newly asserted False Claims Act ("FCA") claim because it would be futile.[7]

On June 16, 2025, the Court dismissed plaintiff's claims against Louisiana State on the ground that it is entitled to sovereign immunity.[8] The next day, plaintiff filed two motions[9] for reconsideration that reasserted his argument that the prescriptive period should be tolled because the video evidence and investigative report were allegedly concealed until 2022. Plaintiff also argued that reconsideration was warranted because the Court failed to hold a scheduling conference, issue a scheduling order pursuant to Federal Rule of Civil Procedure 16(b), and require defendants to answer a prematurely filed interrogatory.[10] The Court denied these motions on June 23, 2025, again finding the fact that the video footage and investigative report were allegedly concealed does not defeat prescription.[11] It also explained that the Court made no failure in not holding a scheduling conference, not issuing a scheduling order, and not requiring defendants to answer the premature interrogatory.[12]

---

[6] *See* R. Doc. No. 45.
[7] *Id.* at 6–7.
[8] *See* R. Doc. Nos. 43–44.
[9] R. Doc. Nos. 47–48.
[10] *See id.*
[11] R. Doc. No. 52.
[12] *Id.* at 7–8.

Plaintiff now brings three "amended" motions[13] for reconsideration. The motions ask the Court to "clarify why" prescription was not suspended for the period that the video footage was concealed, given that plaintiff was "unaware of the full extent of the constitutional violations until the release of the video footage."[14] Plaintiff also seems to raise the argument that a different limitations period should apply to his claims: either the new two-year prescriptive period for delictual actions under Louisiana law, the ten-year limitation period for breach of contract claims, or the six-year limitation period for FCA claims.[15] Alternatively, the motions contain a request to amend his pleadings to include "dates and factual specificity, [that] would allow the Court to more fully assess whether the claims are truly time-barred."[16] Plaintiff also argues that the Court mistakenly granted Louisiana immunity because Louisiana has waived immunity for breach-of-contract cases.[17] The remainder of plaintiff's arguments repeat arguments he has already raised and that have already been addressed by the Court.[18] Consequently, the Court will focus only on the new arguments below.

---

[13] R. Doc. Nos. 50–51, 54. The Court notes that two of these motions, R. Doc. Nos. 50–51, are dated June 19, 2025 but were not docketed until June 24, 2025, a day after the Court had denied plaintiff's second and third motions for reconsideration. *See* R. Doc. No. 52 (signed June 23, 2025).

[14] R. Doc. No. 50, at 2; R. Doc. No. 51, at 2.

[15] *See* R. Doc. No. 54, at 8, 12.

[16] R. Doc. No. 50, at 2; R. Doc. No. 51, at 2. Plaintiff also seems to argue that he would have received this information had the Court required defendants to answer his premature interrogatory. *See* R. Doc. No. 54, at 11.

[17] *See id.* at 8–9 ("Louisiana can be sued for breach of contract.").

[18] *See generally* R. Doc. Nos. 50–51, 54.

## II.     STANDARD OF LAW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The question of which procedural rule applies depends on the timing of such a motion. *Sentry Select Ins. Co. v. Home State Cty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014) (citation omitted). A motion for reconsideration filed within twenty-eight days of the district court judgment being challenged is characterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e). *See id.* A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *See id.* Plaintiff filed both motions for reconsideration within twenty-eight days of the entry of final judgment.[19] Accordingly, a Rule 59(e) analysis is appropriate. *See Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 (5th Cir. 2012).

A motion pursuant to Rule 59(e) "calls into question the correctness of the judgment." *Allen v. Envirogreen Landscape Professionals, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (citations omitted). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)). Therefore, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot

---

[19] *See* R. Doc. Nos. 42, 44, 50–51, 54.

be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (citations and internal quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Koerner v. CMR Construction & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018) (quoting *Templet*, 367 F.3d at 479).

## III. ANALYSIS

First, plaintiff misunderstands the Court's previous orders. The Court explicitly *did not* take a position as to whether the doctrine of *contra non valentem*, an exception to prescription, applies to plaintiff's claims.[20] Rather, it is the Court's position that *even if* prescription was suspended from the date of the incident until plaintiff became aware of the video footage in 2022,[21] the prescriptive period began to run, at the latest, in 2022. Plaintiff admits that he did not file this suit until 2024.[22] Because plaintiff waited more than a year *after he became aware of the video footage* to file his suit, his claims are prescribed even if the doctrine of *contra non valentem* applies.

---

[20] *See* R. Doc. No. 39, at 5 ("*[R]egardless of whether concealment of this alleged video footage tolled the one-year prescriptive period*, the prescriptive period began to run at some point in 2022 or earlier." (emphasis added)).

[21] Plaintiff should note that "prescription runs 'from the time there is notice enough to call for *inquiry* about a claim, not from the time when the inquiry reveals facts or evidence sufficient to *prove* the claim.'" *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 995 F.3d 384, 391 (5th Cir. 2021) (quoting *Terrel v. Perkins*, 704 So. 2d 35, 39 (La. Ct. App. 1997) (emphasis added)).

[22] *See* R. Doc. No. 54, at 10.

Second, and unfortunately for plaintiff, the Court applied the correct prescriptive period. The one-year prescriptive period for delictual actions, rather than the new, two-year prescriptive period, applies to plaintiff's claims because the events took place before July 1, 2024. *Brown v. Pouncy*, 93 F.4th 331, 332 (5th Cir.), *cert. denied*, 145 S. Ct. 170 (2024) (confirming that a state's general personal injury statute of limitations applies to actions brought under 42 U.S.C. § 1983); *Stanley v. Morgan*, 120 F.4th 467, 470 n.1 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1314 (2025) (finding the extended two-year prescriptive period for delictual actions under L.A. art. 3493.1 applies only to actions arising after July 1, 2024); *see also* La. Civ. Code art. 3493.1. Plaintiff cannot avail himself of the ten-year prescriptive period permitted by Louisiana law for breach of contract, *see* La. Civ. Code Ann. art. 3499, or the six-year statute of limitations provided by the FCA, *see* 31 U.S.C. § 3731(b)(1), because he has not brought either claim.[23] Nor will the Court allow plaintiff to amend his complaint to add these claims, because he makes no allegations sufficient to state a breach of contract or FCA claim.

With respect to his FCA claim, plaintiff misunderstands what kinds of false claims are actionable under the FCA. A "claim" under the FCA means "any request or demand, whether under a contract or otherwise, *for money or property* . . . ." 31 U.S.C. § 3729 (b)(2)(A) (emphasis added). The allegedly false statements made by

---

[23] *See* R. Doc. No. 26; *see also* R. Doc. No. 39, at 2 (treating as abandoned the breach of contract claims that plaintiff had asserted in his original complaint because they were not included in his amended complaint).

6

defendants in furtherance of their "concealment or cover up" are not the types of "claims" actionable under the FCA.

As for his breach of contract claim, plaintiff must plead "(1) the existence of the contract; (2) a breach of an obligation therein; and (3) damages resulting from the breach." *Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284, 289 (5th Cir. 2024). Plaintiff seems to argue that the contract defendants breached is the "fundamental contractual duty of law enforcement to protect citizens."[24] In Louisiana, a valid contract "is formed by the consent of the parties established through offer and acceptance." La. Civ. Code Ann. art. 1927. Even an implied-in-fact contract requires "consent implied from facts and circumstances showing mutual intention to contract." *Jones v. Adm'rs of Tulane Educ. Fund*, 51 F.4th 101, 113 (5th Cir. 2022) (quoting *Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So. 2d 569, 573 (La. 1989)). Plaintiff alleges no facts supporting any mutual consent to contract between himself and defendants. Accordingly, the Court finds no basis to apply a different prescriptive period to plaintiff's claims.[25] Having found that plaintiff has not, and

---

[24] R. Doc. No. 54, at 8.

[25] The Court notes but takes no position with respect to whether plaintiff could pursue in state court a claim against the alleged tortfeasors that has a longer prescriptive period. *See, e.g.*, La. C. C. art. 3493.10 ("Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence . . . are subject to a liberative prescription of two years."); *see* also La. Civ. Code Ann. art. 3462 ("Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.").

7

cannot, state a claim for breach of contract, it follows that plaintiff's argument that Louisiana has waived immunity for breach of contract cases also fails.[26]

Lastly, the Court will not grant plaintiff's request for leave to amend to address the prescription issue. When determining whether to grant leave to amend, the Court considers certain factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Williams v. Integon Nat'l Ins. Co.*, 132 F.4th 801, 805 (5th Cir. 2025) (cleaned up). Plaintiff seeks to file "a more specific motion to amend—detailing the date of the incident, the date of the video disclosure, and the specific factual basis" for each of his claims.[27] Plaintiff has repeatedly alleged—in his response to Hammond's motion to dismiss and his six subsequent motions for reconsideration—that he discovered the video footage and investigative report in 2022.[28] As the Court explained, this means the one-year prescriptive period ran before plaintiff filed his claims. Therefore, amendment would be futile because plaintiff's claims "would be subject to dismissal even if more particularly pled."[29] Plaintiff does not explain how he might amend his complaint with more specific dates such that prescription would be avoided. *Cf. Holmes v. White*, 718 F. Supp. 3d 585 (E.D. La.) (Africk, J.), *appeal dismissed*, No. 24-30194, 2024 WL 4415060 (5th Cir. May 15, 2024) (holding that amendment would be

---

[26] *See* R. Doc. No. 54, at 9.
[27] *See* R. Doc. No. 50, at 2; R Doc. No. 51, at 2.
[28] *See* R. Doc. No. 29, at 2; R. Doc. No. 41, at 6; R. Doc. No. 47, at 1; R. Doc. No. 48, at 2; R. Doc. No. 50, at 2; R. Doc. No. 51, at 2; R. Doc. No. 54, at 3.
[29] R. Doc. No. 39 (citing *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)).

futile because plaintiff's claims were prescribed and he did not explain how amendment would avoid the prescription issue). In fact, he admits that he does not know the exact date of when the incident occurred or when he received the video footage and investigative report.[30] Therefore, leave to amend is not warranted.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motions for reconsideration are **DENIED**.

New Orleans, Louisiana, July 10, 2025.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[30] Plaintiff argues that he could have known these dates if the Court had required defendants to answer his interrogatory. *See* R. Doc. No. 54, at 11–12. As the Court has explained, that interrogatory was premature and defendants were under no obligation to answer it. *See* R. Doc. No. 52, at 7–8.